UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY SYKES,

        Plaintiff(s),

v.

DERRICK ANDERSON, CAROLYN
NICHOLS, and MAURICE McCLURE,

        Defendant(s).

_____/

Case No. 05-71199

Honorable Nancy G. Edmunds

**AND**

TEVYA GRACE URQUHART,

        Plaintiff(s),

v.

DERRICK ANDERSON, CAROLYN
NICHOLS, and MAURICE McCLURE

        Defendant(s).

_____/

Case No. 05-73725

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTIONS FOR JUDGMENT AS A MATTER OF LAW**

This is a § 1983 action in which Plaintiffs Kimberly Sykes and Tevya Urquhart have

asserted various constitutional claims against Defendants Derrick Anderson, Carolyn

Nichols, and Maurice McClure. Both Plaintiffs allege that they were maliciously prosecuted

and denied due process of law.  Additionally, Plaintiff Sykes asserts that she was unlawfully seized.

This case proceeded to trial.  At the close of all the evidence, but before the case was submitted to the jury, Defendants orally moved for judgment as a matter of law with respect to all claims.  The Court will address each claim in turn.

## I.   Plaintiff Sykes' Unlawful Seizure Claim

Plaintiff Sykes' unlawful seizure claim is premised upon her claim that she was arrested without probable cause.  Although an arrest warrant was issued, Sykes argues that the warrant was invalid because Defendants, in the warrant request, made material false statements and omitted material exculpatory information.  Thus, Sykes suggests, Defendants could not in good faith rely on the prosecutor's decision to seek the warrant.

In this case, Defendant Anderson is the officer who signed the warrant request and submitted it to the prosecutor.  Sykes seeks to impose liability on the other Defendants due to their alleged participation in the decision to seek a warrant.  Sykes offered a single case to support this basis of liability, *Canter v. Hardy*, 188 F. Supp. 2d 773 (E.D. Mich. 2002). In *Canter*, like in this case, the plaintiffs' malicious prosecution claims were based on an arrest for which they alleged there was no probable cause.  *Id.* at 788.  Although only one defendant signed the affidavit for an arrest warrant, the *Canter* court determined that the plaintiffs had presented sufficient evidence to create an issue of fact with respect to the other defendants' involvement in obtaining the arrest warrant.  *Id.* at 790.  As a result, the court denied those defendants' motion for summary judgment with respect to the malicious prosecution claims.  *Id.* at 791.

Although the *Canter* court denied the defendants' motion, it did not set forth a standard by which to determine whether a defendant who did not sign or submit a warrant request could nonetheless be held responsible for an ensuing arrest. Moreover, Sykes' counsel was unable to cite to or to articulate such a standard. Because Sykes was unable to provide the Court with authority to support her position, and because the Court determines that Sykes had presented insufficient evidence at trial to establish, under any recognized standard, that Defendants Nichols and McClure were sufficiently involved to impose liability for the warrant request, the Court GRANTS Defendant Nichols' and Defendant McClure's motion for judgment as a matter of law with respect to Sykes' unlawful seizure claim. Because Defendant Anderson signed and submitted the warrant request, the Court DENIES his motion as it relates to this claim.

## II.    Plaintiffs' Malicious Prosecution Claims

Plaintiffs have presented two bases for their malicious prosecution claims: Defendants made false statements or omitted exculpatory information in the warrant request, and Defendants made false statements at the preliminary hearing for Plaintiffs' underlying criminal trial.

As already discussed, Plaintiffs failed to establish at trial that Defendant McClure was sufficiently involved in the warrant request to impose liability on that basis. Moreover, Defendant McClure did not testify at the preliminary hearing. Accordingly, the Court GRANTS Defendant McClure's motion for judgment as a matter of law as to Plaintiffs' malicious prosecution claims.

Defendant Nichols, on the other hand, did testify at Plaintiffs' preliminary exam. She testified that Plaintiff Urquhart made a victim statement to the police that was contradicted

by videotape evidence, and the prosecutor used the discrepancy as an element to establish probable cause. In fact, Defendant Urquhart never made such a statement, and the statement that she actually made was corroborated by the videotape evidence. Based on this evidence, the Court concludes that a reasonable jury could find Defendant Nichols liable for malicious prosecution. Accordingly, Defendant Nichols' motion for judgment as a matter of law with respect to these claims is DENIED.

As to Defendant Anderson, the Court DENIES his motion with respect to the malicious prosecution claims on the same grounds that it denies his motion with respect to Plaintiff Sykes' unlawful seizure claim.

## III.  Plaintiffs' Denial of Due Process of Law Claims

Plaintiffs' final claims, that they were denied due process of law, are premised on Defendants' alleged failure to disclose exculpatory evidence in Plaintiffs' underlying criminal case. Specifically, Plaintiffs assert that Defendants should have disclosed a two-page letter that related to gambling records that were used as evidence in Plaintiffs' criminal trial.

Here, Plaintiffs produced no evidence at trial to establish that Defendant Nichols ever saw or knew of the allegedly exculpatory letter. As a result, the Court GRANTS Defendant Nichols' motion for judgment as a matter of law with respect to Plaintiffs' due process claims. As to Defendants Anderson and McClure, however, Plaintiffs did present sufficient evidence at trial from which a reasonable jury could conclude that Defendants Anderson and McClure knowingly withheld the allegedly exculpatory letter. Accordingly, the Court DENIES Defendant Anderson's and Defendant McClure's motion for judgment as a matter of law with respect to Plaintiffs' due process claims.

## IV.  Conclusion

For the above-stated reasons, Defendant Anderson's motion for judgment as a matter of law is DENIED as to all of Plaintiffs' claims. Defendant Nichols' motion for judgment as a matter of law is GRANTED as to Plaintiff Sykes' unlawful seizure claim, GRANTED as to Plaintiffs' due process claims, and DENIED as to Plaintiffs' malicious prosecution claims. Defendant McClure's motion for judgment as a matter of law is GRANTED as to Plaintiff Sykes' unlawful seizure claim, GRANTED as to Plaintiffs' malicious prosecution claims, and DENIED as to Plaintiffs' due process claims.


s/Nancy G. Edmunds_____
Nancy G. Edmunds
United States District Judge

Dated:  March 21, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 21, 2008, by electronic and/or ordinary mail.

s/Carol A. Hemeyer_____
Case Manager