UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Kimberly Sykes and Tevya Grace Urquhart,

       Plaintiffs,                                       Case Nos. 05-71199, 05-73725

v.                                                                   Hon. Nancy G. Edmunds

Derrick Anderson and Carol Nichols,

       Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART PLAINTIFFS' PETITION FOR ATTORNEY'S FEES AND COSTS [201]**

This matter comes before the Court on Plaintiffs' joint petition for attorney's fees and costs under 42 U.S.C. § 1988. Plaintiff Kimberly Sykes has asked for an award of $995,530.85 in attorney's fees and $20,191.66 in costs. Plaintiff Tevya Urquhart has asked for an award of $267,541.75 in attorney's fees and $2,320.23 in costs. For the reasons set forth below, this Court GRANTS IN PART Plaintiffs' petition.

**I.**     **Factual and Procedural Background**

The Court is familiar with the facts presented in this action, having presided over several motions and a jury trial in this matter. The facts relevant to Plaintiffs' fee petition are as follows.

In 2002, Plaintiffs Kimberly Sykes and Tevya Urquhart were arrested, convicted, and imprisoned in connection with the robbery of a Sprint store where they both worked. (Pls.' Pet. at 1). In May of 2004, the Michigan Court of Appeals vacated their convictions because there was no evidence to support the charges. (*Id.*; Opinion and Order, Docket

Text # 132 at 3).[1] On March 8, 2005, Ms. Sykes filed an action under state tort law and 42 U.S.C. § 1983 against seven defendants in state court. Ms. Sykes asserted state-law claims of false arrest and imprisonment and violation of her Fourth and Fourteenth Amendment rights against six police officers, Derrick Anderson, Carol Nichols, Terrence Sims, Patrick Jones, Aaron Copeland, and Maurice McClure. (Sykes Compl., Ex. A, Docket Text # 1); Opinion and Order, Docket Text # 48 at 2). She also asserted a claim against the City of Detroit under 42 U.S.C. § 1983 for failure to train, discipline, or supervise its officers. (*Id.*). On September 29, 2005, Ms. Urquhart filed an action in this court under 42 U.S.C. § 1983 against the same six officers, alleging violation of her rights under the Fourth and Fourteenth Amendments. (Urquhart Compl. at 2, 5-6).

Plaintiffs' cases were consolidated on June 19, 2006. (Docket Text # 18). On August 15, 2006, Ms. Sykes amended her complaint to add a state-law claim of malicious prosecution against the six officers. (Sykes Am. Compl., Docket Text # 37-3 at 14-15; Opinion and Order, Docket Text # 48 at 3). On the same day, Ms. Urquhart amended her complaint to add a claim against the City of Detroit under 42 U.S.C. § 1983 for failure to train, discipline, or supervise its officers. (Urquhart Am. Compl., Docket # 37-2 at 10-11).

On June 22, 2006, Defendants filed a motion for summary judgment, which was denied without prejudice on August 28, 2006. (Docket Text # 19; Opinion and Order, Docket Text # 48). On July 23, 2007, this Court issued a stipulated order, dismissing Defendants Terrence Sims, Patrick Jones, and Arthur Copeland from the lawsuit. (Docket Text # 77). On June 29, 2007, Defendants filed a second motion for summary judgment.

---

[1] For purposes of this opinion, all Docket references will be for case number 05-71199.

(Docket Text # 73). On August 29, 2007, this Court denied the motion as untimely but granted summary judgment as to Plaintiff Urquhart's false-arrest and false-imprisonment claims. (Opinion and Order, Docket Text # 99 at 3). Ms. Urquhart had conceded that these claims were time-barred. (*Id.*). On November 6, 2007, this case was reassigned from the Honorable Bernard A. Friedman to the Honorable Nancy G. Edmunds. (Docket Text # 117). At a hearing on November 16, 2007, the Court instructed the parties that it would re-hear arguments on the City's motion for summary judgment and invited the parties to submit supplemental briefing. (Opinion and Order, Docket Text # 132 at 4). On December 20, 2007, this Court granted Defendant City of Detroit's motion for summary judgment, leaving only individual Defendants Anderson, Nichols, and McClure in the case at the time of trial. (*Id.* at 17).

A trial was held from February 5 to February 25, 2008. At the close of Plaintiffs' proofs, Defendants orally moved for judgment as a matter of law with respect to all claims. (Opinion and Order, Docket Text # 179 at 2). The Court granted (1) Defendant Nichols' and Defendant McClure's motion for judgment as a matter of law with respect to Sykes' unlawful seizure claim; (2) Defendant McClure's motion for judgment as a matter of law as to Plaintiffs' malicious prosecution claims; and (3) Defendant Nichols' motion for judgment as a matter of law as to Plaintiff's due process claims. (*Id.* at 5).

On February 25, the jury rendered a verdict for Plaintiffs on their remaining claims against Defendants Anderson and Nichols. (Jury Verdict Forms, Docket Text # 170, # 171). The jury returned a verdict of "no cause of action" against Defendant McClure. (*Id.*). The jury awarded compensatory damages in the amount of $1,020,000 to Ms. Urquhart and $1,063,000 to Ms. Sykes. (*Id.*). The jury also awarded each plaintiff $150,000 in

punitive damages against Defendant Anderson and $100,000 in punitive damages against Defendant Nichols. (*Id.*).

This matter is now before the Court on Plaintiffs' joint petition for attorney's fees and costs under 42 U.S.C. § 1988.

## II. Analysis

In an action brought under 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party" "a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Plaintiffs are prevailing parties "'if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (internal citation omitted). Defendants do not dispute that Plaintiffs are prevailing parties.[2]

The "primary concern" then becomes ensuring that the "fee awarded be reasonable." *Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir. 1995). "A reasonable fee is 'one that is 'adequate enough to attract competent counsel, but . . . [does] not produce windfalls to attorneys.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984) (internal citation omitted)). The first step in assessing reasonable attorney's fees is to calculate the 'lodestar.' *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). The lodestar is determined by multiplying the number of hours reasonably expended on the litigation by the attorney's reasonable hourly rate. *Hensely*, 461 U.S. at 433.

---

[2]   Defendants claim that, although Plaintiffs are prevailing parties, this Court should deny them attorney's fees under the criteria articulated in *Zarcone v. Perry*, 581 F.2d 1039 (2d Cir. 1978). (Defs.' Resp. at 11-12). *Zarcone* is not binding on this Court and to the extent that it supports Defendants' argument, this Court disagrees with respect to its application to the facts of this case. *See Kindig v. Rockwell Int'l Corp.*, 709 F.Supp. 787, 790-92 (E.D. Mich. 1989) (refusing to apply *Zarcone*).

4

### A. Reasonable Hours

This Court must "exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Id.* at 434 (internal citation omitted). The Supreme Court has explained:

> Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here.

*Id.* (internal citations and quotation marks omitted).

Plaintiffs staffed this case with five attorneys, three paralegals, two law students, and three technical assistants, and their time records reveal that they have not always exercised the required "billing judgment."[3] The Sixth Circuit has cautioned that "multiple representation can be productive[,]" "[b]ut there is also the danger of duplication, a waste of resources which is difficult to measure." *Coulter v. Tennessee*, 805 F.2d 146, 152 (6th Cir. 1986). This Court engaged in a painstaking review of every hour claimed by every staff member in this case and has, where possible, cut specific hours that it finds to have been duplicative or otherwise unreasonable. *See Northcross v. Bd. of Educ.*, 611 F.2d 624, 636 (6th Cir. 1980), *overruled on other grounds* (noting that "[h]ours may be cut" "for duplication" and "padding"); *Roland v. Johnson*, No. 91-1460, 1992 WL 214441, at *2 (6th

---

[3] Defendants argue that Plaintiffs' fee petition should be denied due to the excessive hours claimed. (Defs.' Resp. at 6-11). Defendants rely for this proposition on a case in which a plaintiff's fee petition exaggerated hours expended by eight times. (*Id.* at 7 (citing *Brown v. Stackler*, 406 F. Supp. 446 (N.D. Ill. 1978))). This Court does not find *Brown* applicable and concludes that it would be inappropriate to deny Plaintiffs a fee award.

Cir. Sept. 4, 1992) (affirming district court's exclusion of duplicative time spent by second attorney on case).

To this end, this Court excludes all time billed by Kathleen Kalahar as it finds it unreasonable for Plaintiffs' counsel to have consulted with an additional attorney given the amount of time already being expended by lead counsel and their associates on this case.[4] The Court also excludes all time spent by Matthew Vasconsellos as it finds it unreasonable for Plaintiffs' counsel to have hired an additional attorney to work on tasks such as Plaintiffs' motion for sanctions and Plaintiffs' response to Defendants' summary judgment motion when Julie Hurwitz and Kathryn James also spent a tremendous amount of time on these pleadings.[5] This Court also excludes all time billed by law student Caryn Smith, the bulk of which was spent drafting Plaintiffs' fee petition. This is because the Court finds the approximately 50 hours spent by Ms. Hurwitz drafting the fee petition to be more than adequate. (Pls.' Pet., Ex. 9).[6] The Court also finds the time spent by paralegal Kara Sullivan typing handwritten time records and corresponding with attorneys about the fee petition to be unreasonable. The Court excludes these hours but will award fees for half of the time Ms. Sullivan spent compiling the costs incurred by Plaintiffs' counsel in this case. This Court also finds the hours billed by law student Melanie Elturk to be excessive

---

[4] It is also the case that Ms. Kalahar's tasks were all ones for which other attorneys at Ms. Hurwitz's firm also billed substantial time.

[5] This Court understands that Ms. James was out of the office during Mr. Vasconsellos' tenure, but notes that Ms. James spent more than sufficient time on these tasks upon her return.

[6] Plaintiffs are correct that "time spent in preparing . . . attorney fees applications is compensable." *Coulter*, 805 F.2d at 151. That time, however, must be reasonable.

for the tasks performed and has excluded two-thirds of her claimed time.[7] Finally, this Court finds the time spent by Mr. Benchich creating a Powerpoint presentation and providing technical assistance at trial to be excessive and awards Plaintiffs for half of his total time.[8]

In addition to general overstaffing of this litigation, Plaintiffs' counsel also spent excessive time on specific tasks. In the case of Mr. Gant, this Court was able to identify each excessive billing record and reduce it to a reasonable amount of time. (*See* Table 1). This Court found, however, that the billing of excessive time for particular tasks was a pervasive problem for Ms. Hurwitz and Ms. James. For example, they billed approximately: (1) 175.6 and 145.6 hours, respectively, for the drafting of a response to a motion for summary judgment; (2) 157.55 and 85.2 hours, respectively, for trial preparation; and (3) 76.15 and 100.5 hours respectively for the drafting of a response to a motion for a new trial. (Pls.' Pet., Ex. 9). Due to the difficulty of adjusting more than a hundred pages of individual billing entries to determine their reasonable hours, this Court reduces Ms. Hurwitz's and Ms. James' claimed hours by 25 percent. *See Northcross*, 611 F.2d at 636-637 (noting that "in complicated cases, involving many lawyers" "simply deducting a small percentage of the total hours to eliminate duplication of services" "seems preferable to an attempt to pick out, here and there, the hours which were duplicative"); *Coulter*, 805 F.2d at 152 ("Where duplication of effort is a serious problem, . . . the District Court may have to make across

---

[7] For example, Ms. Elturk billed approximately 38 hours for drafting a memo on prejudgment interest. (Pls.' Pet., Ex. 9).

[8] Plaintiffs request fees for Greg Angello and Jacob Lehman but do not include corresponding itemized time records. (Pls.' Pet., Ex. 9 at 101-02). For this reason, this Court does not award fees for these individuals' time.

the board reductions . . ."); *Louisville Black Police Officers Org. v. Louisville*, 700 F.2d 268, 272 (6th Cir. 1983) (same).[9]

This Court is also disallowing time spent by all staff that it finds to have been unreasonable. This includes time billed by staff for attending depositions, with the exception of the deposing counsel and lead counsel for each Plaintiff. *See E.E.O.C. v. E.J. Sacco*, 102 F. Supp. 2d 413, 420-21 (E.D. Mich 2000) (noting that "an opposing party should only be charged for the cost of the essential participating attorney" at a deposition). This also includes time spent calling Judges' chambers because it was this Court's experience that these calls were unnecessary and needlessly time-consuming. This Court is also only awarding counsel for half of the time spent working with a jury consultant. A breakdown of the reasonable hours expended by each staff member in this litigation is as follows:

**Table 1**
**Plaintiff Sykes**
Julie Hurwitz

| | | |
|---|---|---|
| Claimed Hours | | 1615.1 |
| Hours Subtracted | calls to court clerk | 0.75 |
| | e-mailing on 7/23/07 | 10 |
| | erroneous hours | 14 |
| Percent Reduction for Overbilling | | 25% |
| Total Reasonable Hours | | 1192.76 |
| | | |
| Kathryn James | | |
| Claimed Hours | | 1099.85 |
| Hours as Law Student | | 135.6 |
| Hours as Law Associate | | 964.25 |
| Hours Subtracted from Assoc. | calls to court clerk | 1.25 |
| | half of jury consultant time | 0.75 |
| | attendance at depositions | 3 |

---

[9] Before taking the twenty-five percent reduction, this Court does exclude as unreasonable the ten hours that Ms. Hurwitz bills on July 23, 2007 for "e-mail correspondence." (Pls.' Pet., Ex. 9 at 28). The Court also subtracts the 14 hours that Plaintiffs' counsel identified at oral argument as having been erroneously billed.

| | | |
|---|---|---|
| Percent Reduction for Overbilling | | 25% |
| Total Reasonable Hours as Student | | 101.70 |
| Total Reasonable Hours as Assoc. | | 719.44 |
| | | |
| <u>Gary Gant</u> | | |
| Claimed Hours | | 547.95 |
| Hours Subtracted | attendance at depositions | 23 |
| | excessive hours on 8/2/06 | 3 |
| | excessive hours on 8/3/06 | 1.5 |
| | excessive hours on 8/7/06 | 3.5 |
| | excessive hours on 8/8/06 | 1.75 |
| | excessive hours on 8/10/06 | 7 |
| | excessive hours on 8/11/06 | 3 |
| | excessive hours on 8/14/06 | 7 |
| | excessive hours on 8/15/06 | 7 |
| | excessive hours on 8/16/06 | 7 |
| | excessive hours on 4/16/07 | 2 |
| | excessive hours on 4/18/07 | 1.5 |
| | excessive hours on 4/19/07 | 2 |
| | excessive hours on 4/20/07 | 2.5 |
| | excessive hours on 4/23/07 | 4.5 |
| | excessive hours on 4/27/07 | 3 |
| | excessive hours on 4/29/07 | 3.5 |
| | excessive hours on 6/25/07 | 4 |
| Total Reasonable Hours | | 461.2 |
| | | |
| <u>Kara Sullivan</u> | | |
| Claimed Hours | | 43.45 |
| Hours Subtracted | e-mailing attorneys re: fees | 6.45 |
| | typing handwritten fee records | 31.5 |
| | half time spent compiling costs | 2.25 |
| Total Reasonable Hours | | 3.25 |
| | | |
| <u>Alan Benchich</u> | | |
| Claimed Hours | | 101.3 |
| Hours Subtracted | half total time | 50.65 |
| Total Reasonable Hours | | 50.65 |
| | | |
| <u>Maureen Kalahar</u> | | |
| Claimed Hours | | 5 |
| Total Reasonable Hours | | 5 |
| | | |
| <u>Bob Ingalls</u> | | |
| Claimed Hours | | 2.5 |
| Total Reasonable Hours | | 2.5 |
| | | |
| <u>Melanie Elturk</u> | | |
| Claimed Hours | | 198.8 |
| Hours Subtracted | two-thirds of total time | 132.53 |
| Total Reasonable Hours | | 66.27 |

**Plaintiff Urquhart**

Thomas Loeb
| | | |
|---|---|---|
| Claimed Hours | | 664.7 |
| Hours Subtracted | calls to court clerk | 0.7 |
| | half of jury consultant time | 0.9 |
| Total Reasonable Hours | | 663.1 |

Kim Cochrane
| | | |
|---|---|---|
| Claimed Hours | | 61.65 |
| Hours Subtracted | calls to court clerk | 0.1 |
| Total Reasonable Hours | | 61.55 |

    **B.**    **Reasonable Rate**

"[H]ourly rates for fee awards should not exceed the market rates necessary to encourage competent lawyers to undertake the representation in question." *Coulter*, 805 F.2d at 149. In order to determine whether Plaintiffs' requested hourly rates are reasonable, the Court looks to "'[rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Hadix*, 65 F.3d at 536 (quoting *Blum*, 465 U.S. at 896 n.11). This Court has "discretion to accept, reject, or modify [Plaintiffs'] requested rates based on its experience and knowledge of the relevant marketplace." *Roland*, 1992 WL 214441, at *3.

Plaintiffs have asked for hourly rates of $350 for Ms. Hurwitz and Mr. Loeb. (Pls.' Pet. at 10). Defendants respond that appropriate hourly rates would be $170 and $150, respectively. (Defs.' Resp. at 16). After considering "the attorneys' level of experience" and "the services they provided" (*Roland*, 1992 WL 214441, at *3), and after reviewing Plaintiffs' affidavits, the 2003 State Bar of Michigan *Economics of Law Practice Survey* submitted by the parties, and the 2007 State Bar of Michigan *Economics of Law Practice*

*Survey*[10], this Court has determined that a reasonable hourly rate for Ms. Hurwitz and Mr. Loeb is $250.[11]  Based on a review of the 2003 and 2007 editions of the State Bar of Michigan *Economics of Law Practice Survey*[12] and the Court's knowledge of the local market, the Court concludes that a reasonable hourly fee for associates, paralegals, and law students is $150, $100, and $75, respectively.[13]  A breakdown of the lodestar calculation, based on these reasonable rates, is as follows:

**Table 2**
**Plaintiff Sykes**

|  | Reasonable Hours | Reasonable Hourly Rate | Lodestar |
|---|---|---|---|
| Julie Hurwitz | 1192.76 | 250 | 298190 |
| Kathryn James | 101.7 / 719.44 | 75 / 150 | 115543.5 |
| Gary Gant | 461.2 | 100 | 46120 |
| Kara Sullivan | 3.25 | 100 | 325 |
| Alan Benchich | 50.65 | 75 | 3798.75 |
| Maureen Kalahar | 5 | 75 | 375 |
| Bob Ingalls | 2.5 | 75 | 187.5 |
| Melanie Elturk | 66.27 | 75 | 4970.25 |
|  | **Total Lodestar:** |  | **469510** |

**Plaintiff Urquhart**

---

[10]  The Sixth Circuit has approved the use of the State Bar of Michigan surveys in calculating prevailing rates. *See, e.g. Lamar Adver. Co. v. Charter* Twp., Nos. 04-2500, 04-2521, 2006 WL 1133309, at *2-3 (Apr. 27, 2006); Auto *Alliance Int'l, Inc. v. U.S. Customs Serv.*, No. 04-1764, 2005 WL 2149673, at *1 (6th Cir. Nov. 23, 2005).

[11]  The 2003 *Economics of Law Practice Survey* lists a median hourly billing rate of $210 for attorneys in downtown Detroit and $175 for those in the remainder of Southeast Michigan. *2003 Economics of Law Practice Survey* at 26.  The 2007 online version of the survey, which reports data differently, states that the median hourly billing rate for litigation firms in Michigan is $195. *2007 Economics of Law Practice Survey*.

[12]  According to the 2003 *Survey*, for example, the median hourly rate for paralegals in downtown Detroit with at least 10 years of experience is $80. *Economics of Law Practice Survey* at 26.  The 2007 version states that the median hourly billing rate for paralegals throughout Michigan is $75. *2007 Economics of Law Practice Survey*.

[13]  Plaintiffs have requested an hourly rate of $150 for Ms. James.  This rate is only appropriate for hours billed after she became an associate in August of 2007. (Pls.' Pet. at 12).  The reasonable rate for her work when she was a law student is $75 an hour.

|  | Reasonable Hours | Reasonable Hourly Rate | Lodestar |
|---|---|---|---|
| Thomas Loeb | 663.1 | 250 | 165775 |
| Kim Cochrane | 61.55 | 100 | 6155 |
|  | **Total Lodestar:** |  | **171930** |

### C. Adjusting the Lodestar

Calculation of the lodestar "does not end the inquiry." *Hensley*, 461 U.S. at 434. This Court must next determine whether it is appropriate "to adjust the fee upward or downward" to reflect factors such as "'the results obtained'" in the case. *Id.* (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)); *see also id.* at 438 (noting that district courts must "consider the relationship between the extent of [a plaintiff's] success and the amount of the fee award"). Plaintiffs argue that not only are they entitled to compensation for hours spent pursuing ultimately unsuccessful claims but that their fees should be adjusted upward to reflect their "exceptional success" in the case. (Pls.' Pet. at 19-24). Defendants object to both claims. (Defs.' Resp. at 16-18).

#### 1. Unrelated Unsuccessful Claims

If a plaintiff "fail[s] to prevail on claims that were unrelated to the claims on which he succeeded," "the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." *Hensley*, 461 U.S. at 434, 440. "[S]uccessful and unsuccessful claims are deemed related when they 'involve a common core of facts,' 'are based on related legal theories,' or when counsel's time is 'devoted generally to the litigation as a whole, making it difficult to divide the hours expended.'" *Barnes v. City of Cincinnati*, 401 F.3d 729, 745 (6th Cir. 2005) (quoting *Hensley*, 461 U.S. at 433).

Plaintiffs' claim under 42 U.S.C. § 1983 against the City of Detroit was unsuccessful. At its earliest convenience upon inheriting this case, this Court dismissed Plaintiffs' municipal-liability claim because Plaintiffs could not prove that Detroit had a policy or custom of failing to "track, monitor, and respond to police misconduct" and of failing to train or supervise its officers. (Opinion and Order, Docket Text # 132. at 8, 12-17). This was "a distinctly different claim[] for relief" than Plaintiffs' claims against individual officers, "based on different facts and legal theories." *Hensely*, 461 U.S. at 434. A finding of municipal liability in this case required the existence of a policy or custom with respect to supervising, training, and overseeing officers and was wholly distinct from the proof that led to jury verdicts against individual officers for their treatment of Plaintiffs.[14] For this reason, the Court excludes the time spent by Plaintiffs on their municipal-liability claim.[15]

### 2. Unsuccessful Related Claims

Defendants seem to suggest that Plaintiffs' fee award should be further reduced because Plaintiffs did not prevail on every claim against every individual officer (Defs.' Resp. at 16). Three officers were dismissed prior to trial and a fourth was found not to be

---

[14] This is to be distinguished from cases in which plaintiffs have sued under related theories of employment discrimination (*see e.g.*, *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1169-70 (6th Cir. 1996); *Lilley v. BTM Corp.*, 958 F.2d 746, 756 (6th Cir. 1992)), or cases in which plaintiffs have brought the same exact claims against municipal and individual defendants (*see, e.g.*, *Wayne v. Village of Sebring*, 36 F.3d 517, 532 (6th Cir. 1994)).

[15] Plaintiffs identified the hours spent exclusively on their claims against the City of Detroit. (Pls.' Reply, Docket Text # 216-6). Based on these figures, this Court excludes 95.35 hours from Ms. Hurwitz's time, 228.75 hours from Ms. James' time, 18.75 hours from Mr. Gant's time, and 4 hours from Ms. Elturk's time. The Court makes this reduction from Ms. James' *law-associate* hours rather than her *law-student* hours since the bulk of time spent on this claim seems to have been after August 2007.

liable by the jury. The Court also dismissed as a matter of law several claims against the remaining three officers.

Plaintiffs' claims against the individual officers were related claims, based on a common core of facts or legal theories. As such, a different legal standard applies to these unsuccessful claims than applies to Plaintiff's unsuccessful, unrelated claim against the City of Detroit. It is true that the Supreme Court has instructed that "even where the plaintiff's [successful and unsuccessful] claims were interrelated," if "a plaintiff has achieved only partial or limited success," "the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Hensley*, 461 U.S. at 436. But where, as in this case, "commonality is present" between the unsuccessful and successful claims against individual officers and "a plaintiff has obtained excellent results" on these claims overall, a "fee award should not be reduced because the plaintiff failed to prevail on every contention raised." *Hensley*, 461 U.S. at 435; *Phelan v. Bell*, 8 F.3d 369, 374 (6th Cir. 1993).

The Court finds the lodestar, as adjusted for the unsuccessful, unrelated municipal-liability claim, to be reasonable given Plaintiffs' overall success against the individual officers. That some of the Plaintiffs' related claims against some of the officers were ultimately unsuccessful does not necessitate a further reduction of the lodestar. *See City of Riverside v. Rivera*, 477 U.S. 561, 570-71 (1986) (refusing to adjust fee award downward because Plaintiff did not ultimately prevail against all individual defendant-officers since "all claims were based on a common core of facts"); *Thurman*, 90 F.3d at 1169-70 (denying defendant's request for further reduction of lodestar to reflect plaintiff's limited success on related employment-discrimination claims).

14

### 3. Proposed Fee Enhancement

Plaintiffs have requested a 15% upward adjustment of the lodestar and base this request on several of the factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[16] (Pl.'s Pet. at 19-20). The presumption is that the lodestar provides a reasonable attorney's fee. *Blum*, 465 U.S. at 897; *see also Murphy v. Int'l Union of Operating Eng'rs*, 774 F.2d 114, 128 (6th Cir. 1985). An enhancement award is only justified in "rare cases[s]" "of exceptional success." *Blum*, 465 U.S. at 897, 899.

This Court has considered the twelve *Johnson* factors and finds that they are adequately reflected in Plaintiffs' reasonable hours and rate. *See Hensley*, 461 U.S. at 434 n.9; *Blum*, 465 U.S. at 899. The lodestar, as adjusted to account for the unsuccessful unrelated municipal-liability claim, already represents Plaintiffs' reasonable attorney's fee award. As such, no enhancement is required. A breakdown of the reasonable fees to which Plaintiffs are entitled after adjustment of the lodestar is as follows[17]:

---

[16] The twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-719.

[17] To calculate an adjusted lodestar for Ms. Hurwitz and Ms. James, this Court subtracted the time that each spent on the municipal-liability claim from their total claimed hours *before* taking the 25% reduction for overbilling. Similarly, this Court calculated Ms. Elturk's adjusted lodestar by subtracting her time spent on the municipal-liability claim *before* taking the two-thirds reduction of her time for overbilling. These necessary additional calculations are not laid out in Table 3 but *are* reflected in the three individuals' respective adjusted lodestars in Table 3.

**Table 3**
**Plaintiff Sykes**

|  | Reasonable Hours | Subtracted Municipal-Liability Hours | Reasonable Rate | New Lodestar |
|---|---|---|---|---|
| Julie Hurwitz | 1192.76 | 95.35 | 250 | 280312.5 |
| Kathryn James | 101.7 / 723.19 | 228.75 | 75 / 150 | 89808.75 |
| Gary Gant | 461.2 | 18.75 | 100 | 44245 |
| Kara Sullivan | 3.25 |  | 100 | 325 |
| Alan Benchich | 50.65 |  | 75 | 3798.75 |
| Maureen Kalahar | 5 |  | 75 | 375 |
| Bob Ingalls | 2.5 |  | 75 | 187.5 |
| Melanie Elturk | 66.27 | 4 | 75 | 4870 |
|  |  |  | **Total Fee Award:** | **423922.5** |

**Plaintiff Urquhart**

|  | Reasonable Hours | Subtracted Municipal-Liability Hours | Reasonable Rate | New Lodestar |
|---|---|---|---|---|
| Thomas Loeb | 663.1 |  | 250 | 165775 |
| Kim Cochrane | 61.55 |  | 100 | 6155 |
|  |  |  | **Total Fee Award:** | **171930** |

**D.     Costs**

Plaintiffs have also asked for an award of costs under 42 U.S.C. § 1988. (Pls.' Pet. at 27-28). "Some expenses are included in the concept of attorney's fees, as 'incidental and necessary expenses incurred in furnishing effective and competent representation,' and thus are authorized by section 1988." *Northcross*, 611 F.2d at 639 (internal citation omitted). These expenses are limited to "reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." *Id.*[18]

---

[18]   The Clerk of Court has taxed costs in the amount of $7740.21 under 28 U.S.C. § 1920. Plaintiffs filed objections to the Clerk's failure to tax certain costs, which this Court has sustained. (Opinion and Order, Docket Text # 226).

16

This Court has reviewed Plaintiffs' claimed costs and has excluded those costs it does not deem to be reasonable out-of-pocket expenses normally charged to a fee-paying client. These include the costs of: (1) transcripts of hearings and status conferences; (2) parking; (3) attorney and client meals; (4) lost wages of a witness[19]; and (5) jury-consultant services. This Court finds Plaintiffs' claimed per-page rate of fifty cents for photocopying to be excessive and will award costs for photocopying at a reasonable rate of twenty-five cents per page. *See, e.g.*, *King v. Gowdy*, No. 02-75136, 2008 WL 1820837, at *3 (E.D. Mich. Apr. 22, 2008). This Court excludes half of Plaintiffs' investigative expenses, finding the amount claimed excessive for a case of this type. This Court also excludes $333.90 in expenses sought by Plaintiff Urquhart for trial exhibits since this will be taxed by the Clerk of Court per this Court's Opinion and Order granting Plaintiffs' motion to adjust the taxed bill of costs. (Docket Text # 226). A breakdown of the costs that this Court will award Plaintiffs is as follows:

**Table 4**
**Plaintiff Sykes**

| | | |
|---|---|---|
| Total Claimed Costs | | 20191.66 |
| Subtracted Costs | discovery hearing transcript | 46.1 |
| | lunch case meeting | 24.91 |
| | motion hearing transcript | 72.6 |
| | half investigative costs | 3203.75 |
| | parking | 226.43 |
| | lost wages of Vendricks Smith | 175.26 |
| | status conference transcripts | 101.85 |
| | mid-trial meals | 136.07 |
| | meals during trial with clients | 212.45 |
| | meals during trial | 146.79 |
| | jury consultant fee | 2000 |
| | photocopying [.25/page instead of .50] | 3929 |
| | jury consultant fee | 542.25 |
| **Total Awarded Costs** | | **9374.2** |

---

[19] This witness' fee, parking, and mileage were already taxed under 28 U.S.C. § 1920.

**Plaintiff Urquhart**
| | | |
|---|---|---|
| Total Claimed Costs | | 2320.23 |
| Subtracted Costs | parking | 282.5 |
| | trial exhibits taxed under s.1920 | 333.9 |
| | motion for directed verdict transcript | 179.45 |
| **Total Awarded Costs** | | **1524.38** |

## III. Conclusion

For the reasons stated above, the Court reduces Plaintiff Sykes' requested attorney's fee award of $995,530.85 to $423,922.50 and Plaintiff Urquhart's requested attorney's fee award of $267,541.75 to $171,930. For the reasons stated above, the Court also reduces Plaintiff Sykes' requested costs of $20,191.66 to $9,372.20 and Plaintiff Urquhart's requested costs of $2,320.23 to $1,524.38.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: October 31, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 31, 2008, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager