UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Kimberly Sykes,

    Plaintiff,

v.

Derrick Anderson, et al.,

    Defendant(s).
_____/

Case No. 05-71199

Honorable Nancy G. Edmunds

**ORDER DECLINING SUPPLEMENTAL JURISDICTION OVER
PLAINTIFF'S MOTION TO STRIKE [296]**

On July 14, 2008, this Court entered judgment for Plaintiff Kimberly Sykes ("Plaintiff") on her unlawful seizure (malicious prosecution), unlawful seizure (false arrest), and due process of law claims against Defendants. [Docket Text # 195.]

On April 30, 2010, George A. Chatman ("Chatman"), entered a Notice of Claim of Attorney's Lien on the attorneys' fees awarded in this case. [Docket Text # 294.] Chatman did not represent Plaintiff, nor did he enter an appearance, in this matter. Although Chatman did represent Plaintiff in a criminal appeal, he referred this civil matter to another attorney, who subsequently referred the case to a third attorney, Julie Hurwitz, who represented Plaintiff through judgment. Chatman filed the attorney's lien because he believes that he is entitled to a referral fee based upon an oral and written contract with Julie Hurwitz. Plaintiff has now moved to strike the lien. [ Docket Text # 296]. Chatman asks this Court to reconcile the attorneys' fees dispute. For the following reasons, the Court declines Chatman's request.

This Court declines to exercise supplemental jurisdiction over Chatman's breach of contract attorneys' fees dispute. *See Idalski v. Crouse Cartage Co.*, 229 F.Supp.2d 730, 737-38 (E.D. Mich. 2002) (citing *Kalyawonsga v. Moffett*, 105 F.3d 283, 287 (6th Cir. 1997) and holding "district courts in this circuit may exercise jurisdiction over fee disputes related to the main action."). In *Kalyawonsga*, the plaintiffs argued that the district court "wrongly exercised supplemental jurisdiction" over an attorneys' fee dispute. 105. F.3d at 286. The Sixth Circuit disagreed and found that the district court did have supplemental jurisdiction over an attorneys' fees dispute. *Id.* at 287-88. Despite having supplemental jurisdiction, this Court declines to exercise that jurisdiction, pursuant to 28 U.S.C. § 1367(c)(2) and (3), since the attorneys' fees arrangement is a contract falling under state law, involves individuals and legal concerns not involved in the main action, and the Court has entered judgment on all claims over which it had original jurisdiction.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: October 12, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 12, 2010, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager